[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-12189

Non-Argument Calendar

_____

RAYVON L. BOATMAN,

Plaintiff-Appellant,

versus

DONALD SAWYER,
REBECCA JACKSON,
M. JOHNSON,
JOHN DOE HERNANDEZ,
JOHN DOE MORRIS, et al.,

Defendants-Appellees,

DOTTY RIDDLE,
Grievance Coordinator for FCCC,

Defendant.

———————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:18-cv-00418-SPC-MRM

———————————

Before JORDAN, GRANT, and EDMONDSON, Circuit Judges.

PER CURIAM:

Rayvon Boatman, a non-prisoner litigant proceeding *pro se* and *in forma pauperis*, appeals the district court's dismissal without prejudice of his civil action under 42 U.S.C. § 1983. The district court -- pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) -- dismissed (without prejudice) for failure to state a claim Boatman's second amended complaint. When Boatman failed to file a third amended complaint, the district court dismissed Boatman's civil action. No reversible error has been shown; we affirm.

Boatman initiated this civil action in June 2018. Boatman filed his first amended complaint a month later.

In May 2019, the district court granted Boatman leave to amend his complaint a second time and provided Boatman with an approved civil-complaint form.  The district court observed that Boatman's first amended complaint contained "a jumble of general claims and conclusory allegations made against various" defendants and failed to state a cognizable claim for relief.  The district court set out the federal pleading requirements and offered some guidance to Boatman in amending his complaint.  Among other things, the district court advised Boatman to avoid making general conclusory allegations of harm and instructed Boatman to identify each claim, to set forth supporting facts, and to describe how each defendant was involved in the alleged violations.  The district court ordered Boatman to submit an amended complaint within 21 days and stated that failure to do so would result in dismissal of the case.

Although untimely, Boatman ultimately filed his second amended complaint (the operative complaint in this case) on 6 September 2019.  Briefly stated, Boatman -- who is civilly detained at the Florida Civil Commitment Center ("FCCC") -- alleged he was receiving inadequate mental health care and was being retaliated against in violation of his First, Eighth, and Fourteenth Amendment rights.  Boatman named as defendants twelve FCCC staff members and medical providers and the Florida Department of Children and Family Services.  Boatman sought money damages and declaratory and injunctive relief.

4                    Opinion of the Court                    21-10930

The district court ordered Boatman to serve the defendants and provided the necessary service forms.  The district court twice granted Boatman's requests for extensions of time to complete service.  Never did Boatman serve defendants.

On 12 May 2020, the district court -- pursuant to section 1915(e)(2) -- dismissed without prejudice Boatman's second amended complaint:  a dismissal for failure to state a claim.  The district court described Boatman's complaint as a "textbook shotgun pleading" comprised of "a litany of disjointed protests about the FCCC and its officials" and "a confusing mixture of legal arguments, conclusory accusations, vague statements, relevant facts, and irrelevant facts."  In addition, the district court said the complaint -- which was "presented in a stream of consciousness manner" -- identified no specific cause of action and lumped together all allegations against all defendants.

The district court, however, granted Boatman leave to amend his complaint for a third time to include only a claim for First Amendment retaliation against the pertinent defendants.  The district court advised Boatman that, if he chose to amend his complaint, he must do so by 27 May 2020.  The district court again warned that failure to file an amended complaint would result in dismissal of the case.

Boatman moved for reconsideration of the district court's 12 May 2020 order and for miscellaneous relief, which the district court denied.  Never did Boatman file a third amended complaint or move again for an extension of time.

On 2 June 2020, the district court dismissed without prejudice Boatman's civil action for failure to prosecute pursuant to M.D. Fla. Rule 3.10(a).

We review *de novo* a district court's *sua sponte* dismissal under section 1915(e)(2)(B)(ii), and we view the factual allegations in the compliant as true. *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017). Although we construe liberally *pro se* pleadings, *pro se* litigants must still conform to procedural rules. *Albra v. Advan, Inc.,* 490 F.3d 826, 829 (11th Cir. 2007).

A court "shall dismiss" a case filed *in forma pauperis* if the court determines that the complaint "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In reviewing a dismissal under section 1915(e)(2)(B)(ii), we apply the same standard that applies to dismissals under Fed. R. Civ. P. 12(b)(6). *Evans*, 850 F.3d at 1253.

To comply with federal pleading standards, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). A plaintiff must also present each of his claims in a separate numbered paragraph, with each paragraph "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

A complaint that fails to comply with Rules 8 and 10 may be classified as a "shotgun pleading." *See Weiland v. Palm Beach Cnty. Sherriff's Office*, 792 F.3d 1313, 1320-23 (11th Cir. 2015); *Byrne v. Nezhat*, 261 F.3d 1075, 1129-30 (11th Cir. 2001). When

faced with a shotgun pleading, a district court must order a litigant to replead and to make a more definite statement of the claim. *Byrne*, 261 F.3d at 1133. When the amended complaint still fails to cure the deficiency, the complaint may be subject to dismissal. *See id.*

In addition to containing well-pleaded factual allegations, complaints must also meet the "plausibility standard" set forth by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This plausibility standard requires that a complaint "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678.

On appeal, Boatman contends that the district court applied incorrectly the applicable standard in determining that his complaint failed to state a claim for relief. This argument is without merit. The district court recited and applied correctly the federal pleading standards and the "plausibility standard" of review established in *Twombly* and *Iqbal*. The court also properly accepted the allegations in Boatman's complaint as true and construed the facts in the light most favorable to Boatman.

The district court described Boatman's first amended complaint as a "jumble of general claims and conclusory allegations" that failed to state a claim for relief. The district court allowed Boatman to amend his complaint and provided guidance on the federal pleading requirements.

Despite the district court's instructions, however, Boatman's second amended complaint still failed to provide a "short and plain statement" of his claims showing that Boatman was entitled to relief.  Instead, Boatman's second amended complaint was still composed of "a litany of disjointed protests" against defendants and a rambling series of conclusory and vague statements unsupported by factual allegations.  The complaint also failed to identify a specific cause of action and failed to delineate how each defendant was purportedly involved in the alleged harm.  In the light of Boatman's continued failure to comply with federal pleading requirements, the district court characterized accurately Boatman's complaint as a "textbook shotgun pleading" subject to dismissal.  See Byrne, 261 F.3d at 1133.

We also cannot conclude that the district court erred in dismissing without prejudice Boatman's civil action.  The district court gave Boatman ample opportunities to amend his complaint to state a claim for relief.  The district court also twice warned Boatman that failure to file the needed amended complaint would result in dismissal of the case without further notice.  Given Boatman's failure to file a third amended complaint in compliance with the district court's order and given the district court's express warnings about dismissal, the district court abused no discretion in dismissing without prejudice Boatman's civil action.

AFFIRMED.